# UNITED STATES DISTRICT COURT

3

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

Ibn Jarbari Hathorn, AC
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30248

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

5/31/2013
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Ibn-Jabari Anthony Ali Order of Detention

Defendant is 36 years old, has two children, and is separated from his wife. He has lived with his now disabled grandmother for most of his life on Mackay Stsreet in the City of Detroit. Defendant has been employed sporadically since April 2010; prior to that he states that he was in and out of jail and did not maintain legitimate employment.

Defendant has 5 felony convictions, including CSC, Retail Fraud (Felony), Felony Uttering and Publishing, and Felony Larceny from a Motor Vehicle, and 8 misdemeanor convictions. His criminal history is nothing less than an unbroken chain of arrests and convictions beginning when he was a teenager. These convictions include violent crimes, fraud, and domestic violence.

Defendant's reported criminal history begins at age 18 when he was charged and convicted of Felony Criminal Sexual Abuse and Misdemeanor Battery. He was sentenced to Lifetime Registration as a Sexual Offender and has been compliant. Five months after his first conviction he was convicted of Felony Retail Fraud. In 1997 he was convicted of Misdemeanor Retail Fraud. In 1998 he was charged with Felony Burglary but the disposition is unknown. In 1999 Defendant was charged with Uttering and Publishing and on January 11, 2000 he was convicted and sentenced to 18 months - 15 years in the MDOC. He was paroled on November 23, 2004. However he was returned to prison on a parole violation on 4/3/2007. Defendant was re-paroled on 5/15/2007 and again returned to prison on a parole violation on 11/18/2010. Defendant was **discharged from parole on January 18, 2013.**

While on parole for the January 11, 2000 conviction Defendant continued his criminal conduct. On March 28, 2005 he was convicted of Misdemeanor Retail Fraud, 2nd degree. On October 31, 2005 he was convicted of Misdemeanor Driving While License Suspended, 2nd or Subsequent. On March 10, 2008 he was convicted of the same offense. He was convicted four identical convictions from March 3, 2008 - 9/16/2009.

Then on July 1, 2010 Defendant was convicted of Felony Larceny From a Motor Vehicle. He was sentenced to probation, but violated his probation and on 5/15/13 and was arraigned on the violation (the 4/14/09 incident resulting in the 9/16/09 conviction cited above). The Defendant was discharged unsuccessfully from probation on **5/29/13**, one day before his arrest in this matter.

On March 22, 2013 Defendant was charged with Attempt-Felony Larceny From a Motor Vehicle, and on 5/9/13 a felony failure to appear warrant was issued for his arrest. However he was

incarcerated at the time the warrant issued for the 4/17/13 incident. (On 4/17/13 Defendant was charged with Felony Forgery and Counterfeiting, Misdemeanor Domestic Violence. He was convicted and sentenced to 37 days in jail and Personal Protection Order was issued from the 3rd Circuit Court, Family Division, in favor of Defendant's wife, Charisse Carpenter on May 1, 2013

Defendant has an outstanding bench warrant issued from the 37th District Court in Warren for Failure to Appear for Examination on May 9, 2013.

Clearly 2013 has not been a good year for Defendant from a criminal contact perspective.

Defendant has been either incarcerated or under supervision for almost half of his life, and all of his adult life. While under supervision he has on multiple occasions violated parole, violated the terms of his probation, failed to appear, committed multiple acts of criminal activity while under supervision.

Defendant has been associated with 8 alibis.

Defendant asks this court for a bond, and states that conditions can be set which will assure his appearance and the safety of the community.

What is stunning is that Defendant was released from parole in January 2013, and was discharged unsuccessfully from probation the day before he appeared in court for the instant case. And while the instant charges are not charges of violence, the Court must take note of Defendant's past conduct in determining whether or not conditions of bond can reasonably assure Defendant's appearance in Court and the safety of the community. In Defendant's case, his past conduct while under supervision in the best indicator of his ability to comply with conditions of bond in the future, and Defendant's past compliance and/or conduct under supervision have been beyond dismal.

Pretrial Services concludes that Defendant's numerous prior arrests and convictions, his recent conviction for domestic violence (just this month) which resulted in a Personal Protection Order, his criminal activity while under parole and probation supervision, and his recent discharge from parole in January 2013, coupled with his unsuccessful discharge from probation two days ago, render this Defendant a danger to the community. This Court agrees that there is clear and convincing evidence that Defendant poses a continuing risk of danger and that there is no condition or combination of conditions which would assure the safety of the community.

Therefore Detention is Ordered.